# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| SUZANNE ATKINSON, ET AL | CIVIL ACTION NO. 05-0966 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| DOLGENCORP INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is defendant Dolgencorp Inc.'s Motion for Summary Judgment [Doc. No. 22]. Plaintiffs Suzanne and Robert Atkinson oppose the motion. [Doc. No. 24]. For the reasons which follow, the motion is **GRANTED.**

## I. FACTUAL BACKGROUND

The basic facts are not in dispute. On or about June 8, 2004, Suzanne Atkinson entered the Dollar General Store located in Haynesville, Louisiana. [Doc. No. 22-4].[1] While in the store, Ms. Atkinson saw and inquired about a plastic chair manufactured by Transco/Laiche and sold retail by Dollar General. [Id.] Ms. Atkinson alleges that she sat in the chair, that the chair collapsed, and that she suffered personal injuries. [Id.] She and her husband responded by filing suit to recover for personal injuries and loss of consortium.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

---

[1]All material facts submitted by Dolgencorp which were not controverted by the Atkinsons as required by Local Rule 56.2 by citation to specific evidence in the summary judgment record are deemed admitted for purposes of the motion. See also Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998).

the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving

party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant cannot meet this burden, then "the motion for summary judgment must be granted." Id.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

### B. "Strict" Liability Pursuant to Louisiana Civil Code Article 2317.

Plaintiffs seek to hold Dolgencorp strictly liable for the damages allegedly incurred when Ms. Atkinson fell. Louisiana Civil Code article 2317 states that "we are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications." La.C.C. art. 2317. The following article provides that "the owner or custodian of a thing is answerable for damage occasioned by its ruin, vice or defect, only upon a showing that he knew, or in the exercise of reasonable care, should have known of the ruin, vice, or defect, which caused the damage, that the damage could have been prevented by the exercise of reasonable

care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case." La. C.C. art. 2317.1.

Dolgencorp has submitted competent summary judgment evidence that it had no prior knowledge and had no reason to know of any alleged defective condition within the chair, and never had a chair, for sale by retail, collapse. [Doc. No. 22-4; 22-3, Exhibits A & B]. The Atkinsons have submitted no competent summary judgment evidence which would create a genuine issue of fact as to whether Dolgencorp knew or should have known of the alleged defect. Instead, they merely argue that the evidence submitted by Dolgencorp fails to prove whether its employees ever visually inspected the collapsed chair before it fell. However, unless they can establish that the doctrine of *res ipsa loquitur* applies in the instant matter, it is the Atkinsons who bear the burden of proof and not the defendants.

The doctrine of *res ipsa loquitur* applies where a "plausible conclusion fairly drawn from the facts is that this accident would not ordinarily happen in the absence of negligence. The inference drawn from the failure to explain the accident's cause, together with the facts and circumstances of this case, is that the defendant did not exercise proper care." Dillman v. Nobles, 351 So.2d 210, 212 (La. App. 4 Cir. 1977)(*citing* Pear v. Labiche's, Inc., 301 So.2d 336 (La. 1974).[2] The Dillman court applied *res ipsa* to a broken chair case and found that the defendant lounge owner was negligent for failing to inspect the chairs it provided for its customers' use on a weekly basis. Indeed, the only Louisiana

---

[2]As this case is before this Court on diversity of citizenship subject matter jurisdiction, this Court, under Erie, is bound to apply Louisiana substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938).

state court opinions of which this Court is aware that have found a defendant liable for a broken chair on the basis of *res ipsa* all concerned cases where the chairs were being used by the defendant over an extended period of time. See, e.g., Dillman, supra (chair used by lounge patrons); Saulny v. Tricou House, L.L.C., 2002-1424 (La.App. 4 Cir. 1/29/03), 839 So.2d 392 (chair used by restaurant patrons); Pear v. Labiche's Inc., 301 So.2d 336 (La. 1974)(chair used by customers seeking extensions of credit). None of them dealt with brand new chairs offered for retail sale.

Unlike the cases which have applied *res ipsa* to broken chairs, the matter before the court does concern the retail sale of a new chair. The court is unaware of any Louisiana court which has applied *res ipsa* under the specific circumstances presented here. The only Louisiana case which the Atkinsons cite is Bush v. XYZ Insurance Co., 38,867 (La. App. 2 Cir. 8/18/04), 800 So.2d 953. In Bush, the court found that the defendant retail store was **not** liable, since the plaintiffs failed to show that anyone from the store either knew or should have known that the chair was defective. Id. at 954. That court **did not** apply *res ipsa*.

Unlike the cases cited above, in which a chair under prolonged use may logically give rise to an inference that any defect is the fault of the custodian on the chair, a case such as the one before the Court, in which a brand new chair is defective, more logically gives rise to an inference that the manufacturer is at fault, not the retail seller. Under the undisputed facts and circumstances of this case, the Court finds that the doctrine of *res ipsa loquitur* does not apply. Accordingly, it is the Atkinsons who bear the burden of showing that Dolgencorp knew or should have known of any defect in the chair. They have failed to carry that burden.

### III. CONCLUSION.

The Atkinsons have failed to submit any evidence which would suggest that Dolgencorp knew or should have known of any defect in the chair. Accordingly, summary judgment is appropriate as a matter of fact and law dismissing their claims with prejudice.

Therefore:

**IT IS ORDERED** that the motion for summary judgment [Doc. No. 22] filed by the Defendant, Dolgencorp, Inc., is hereby **GRANTED**, and that Plaintiffs Suzanne and Robert Atkinson's claims be **DISMISSED**, with prejudice, at their sole cost.

**THUS DONE AND SIGNED** this 12th day of September, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE